# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JOSEPH B. THOMPSON v. RICKY BELL, WARDEN

**Appeal from the Criminal Court for Sullivan County**
**No. C49,575     R. Jerry Beck, Judge**

---

**No. E2005-00005-CCA-R3-HC - Filed October 7, 2005**

---

The petitioner, Joseph B. Thompson, filed a petition for a writ of habeas corpus in the Sullivan County Criminal Court. The trial court summarily dismissed the petition for failure to meet procedural requirements, which dismissal the petitioner appeals. The State filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review of the record and the parties' briefs, we conclude that the petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Kristi M. Davis, Knoxville, Tennessee, for the appellant, Joseph B. Thompson.

Paul G. Summers, Attorney General and Reporter; and Michelle Chapman McIntire, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2001, the petitioner was convicted by a jury in the Sullivan County Criminal Court of aggravated robbery and aggravated kidnapping, and he received a total effective sentence of forty years. This court affirmed his convictions and sentences on direct appeal. See State v. Joseph B. Thompson, No. E2002-00061-CCA-R3-CD, 2003 WL 1202979, at *1 (Tenn. Crim. App. Mar. 17, 2003). The petitioner was incarcerated in Davidson County.

Thereafter, while serving the aforementioned sentence, the petitioner filed a petition for a writ of habeas corpus in the Sullivan County Criminal Court. He alleged that in 1990, he was convicted of aggravated assault, a Class C felony, and he received a two-year sentence. The petitioner argues that the statutory minimum sentence he could have received for that offense was

three years; accordingly, his sentence for aggravated assault was void.[1]  As proof supporting his allegations, the petitioner included with his petition a "TOMIS" letter from the Tennessee Department of Correction, showing his conviction and the length of the accompanying sentence.

The State answered, contending that the petitioner had not met the formal requirements of a habeas corpus petition.  Specifically, the State noted that the petitioner failed to file his petition in Davidson County, the court closest to where the petitioner was incarcerated.  Additionally, the State claimed that the petitioner did not attach a copy of the contested judgment with his petition, nor did he verify the petition by affidavit.

The petitioner responded that he filed in the convicting court because, as a layman, he was unaware that he must file within the court closest to him.  He also responded that he did not include his judgment of conviction because, despite his efforts, he was unable to obtain a copy of the judgment.  Finally, the petitioner alleged that he did not verify the petition by affidavit because he had no money and "with no money you can get nothing [notarized]."  The petitioner also filed a "Motion to Alert the Court," in which he alleged that he had attempted to obtain a copy of his judgment of conviction to no avail.  The petitioner also submitted a verified affidavit to accompany his habeas corpus petition.  Finally, the petitioner alleged that he filed in the convicting court because that court had all of the relevant records concerning the petitioner's sentence.

Upon consideration of the motions, the trial court found that the State's motion to dismiss was well taken.  Thus, the court dismissed the petitioner's petition for habeas corpus relief without conducting an evidentiary hearing.  The petitioner now appeals this dismissal.

The determination of whether to grant habeas corpus relief is a question of law.  McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).  As such, we will review the trial court's findings de novo without a presumption of correctness.  Id.  Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal."  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired."  Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000).  In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable.  Taylor, 995 S.W.2d at 83.  "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'  We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal."  Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

---

[1]  See Tenn. Code Ann. § 40-35-112(a)(3) (2003).

The procedural requirements for a petition for habeas corpus relief are contained in Tennessee Code Annotated section 29-21-107 (2000). "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Our review of the record reveals that although the petitioner verified his application for habeas corpus relief by including an affidavit with a copy of his petition which he attached to his "Motion to Alert the Court," he nevertheless failed to include his judgment of conviction with his petition. Tenn. Code Ann. § 29-21-107(a) and (b)(2). Additionally, the petitioner failed to file his petition in the court closest to him. Tenn. Code Ann. § 29-21-105 (2000). Thus, the trial court was authorized to summarily dismiss the habeas corpus petition.

Moreover, it appears that the petitioner does not contest the legality of his 1990 conviction for aggravated assault, merely the sentence imposed. However, the record before us reflects that the petitioner has already served the contested sentence. The petitioner is currently serving a sentence for a different conviction. Our supreme court has recently held that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004). Therefore, as the petitioner's liberty is no longer restrained by the contested sentence, he may not seek habeas corpus relief from that sentence.

Finally, we note that the "TOMIS" report the petitioner included in the record indicates that the contested sentence was imposed in 1990 for an offense which occurred on July 28, 1989. The 1989 Sentencing Reform Act, which provides that the minimum sentence for a Class C felony is three years, did not go into effect until November 1, 1989. See Tenn. Code Ann. § 40-35-112, Sentencing Commission Comments (1990). Thus, the petitioner's sentence was governed by the Criminal Sentencing Reform Act of 1982. As such, the appellant's Class C felony conviction for aggravated assault was punishable by a sentencing range not less than two nor more than ten years incarceration. See Tenn. Code Ann. § 39-2-101(d) (1988). Ergo, the petitioner would not be entitled to relief on the merits of his claim.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE

-3-